IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE SUBSCRIBER ASSIGNED IP | : | |
| ADDRESS 73.81.90.15 | : | NO. 18-1634 |

MEMORANDUM

Bartle, J.                                                              July 2, 2018

      Plaintiff Malibu Media, LLC ("Malibu Media") has filed this action against defendant John Doe subscriber-assigned IP address 73.81.90.15 for copyright infringement in violation of 17 U.S.C. §§ 106 and 501. Before the court is the motion of defendant to quash subpoena or in the alternative for a protective order.

      Malibu Media is a California-based company that owns the rights to numerous adult films. As is apparent from the caption of the case and the complaint, Malibu Media has identified defendant as an alleged infringer of its copyrights to certain films only through defendant's internet protocol ("IP") address. At present, Malibu Media does not know the name of the defendant.

      On April 25, 2018, we granted the motion of Malibu Media for leave to serve a third party subpoena on defendant's internet service provider ("ISP"). The subpoena commanded the ISP to provide Malibu Media with the true name and address of

the defendant.  Thereafter, defendant filed the instant motion.
Defendant asserts that the motion to quash must be granted to
avoid "oppression, embarrassment, undue burden, and bad-faith
settlement demands."  Defendant also asserts that the subpoena
violates his or her privacy rights, including the right to
engage in anonymous speech under the First Amendment.

Rule 45 of the Federal Rules of Civil Procedure
governs the issuance of subpoenas, including the circumstances
under which subpoenas may be modified or quashed.  Rule
45(d)(3)(A) requires a court to modify or quash a subpoena that:
(1) requires the disclosure or privileged or other protected
matter; or (2) subjects a person to undue burden.  In addition,
Rule 45(d)(3)(B) permits a court to modify or quash a subpoena
if the subpoena requires the disclosure of a "trade secret or
other confidential research, development, or commercial
information."[1]  The party seeking to quash a subpoena bears the
burden to demonstrate that the requirements of Rule 45 are met.
<u>See</u> <u>In re Domestic Drywall Antitrust Litig.</u>, 300 F.R.D. 234, 239
(E.D. Pa. 2014).

We reject the assertion that the subpoena at issue
would subject defendant to undue burden.  Notably, the subpoena
is addressed to the third party ISP, not defendant.  The ISP has

---

1. Rule 45(d)(3) contains several additional circumstances
under which a court is required or permitted to modify or quash
a subpoena, which are not at issue here.

not objected to the subpoena. Nor would any objection have a reasonable likelihood of success as federal law requires an ISP to provide information regarding the identity of a subscriber upon proper legal process. See 47 U.S.C. § 551(c)(2)(B). We have already determined that good cause exists for ordering such discovery. See Doc. # 4. For these reasons, defendant lacks standing to object to the subpoena on grounds of undue burden. See Malibu Media, LLC v. John Does 1-16, 902 F. Supp. 2d 690, 698 (E.D. Pa. 2012).

We also reject defendant's contention that the subpoena violates defendant's rights under the First Amendment. See U.S. Const. amend. I. The First Amendment of the United States Constitution protects the right to engage in anonymous communication through the internet. See Reno v. ACLU, 521 U.S. 844, 870-72 (1997); Malibu Media, LLC, 902 F. Supp. 2d at 698-99. However, this protection is not absolute and does not extend to acts of copyright infringement. See Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 555-56 (1985); Malibu Media, LLC v. John Does 1-15, No. 12-2077, 2012 WL 3089383, at *6 (E.D. Pa. July 30, 2012). Courts within this district have utilized the following test when considering motions to quash subpoenas in the face of First Amendment challenges: (1) whether plaintiff has set forth a prima facie claim of copyright infringement; (2) the specificity of the

discovery request; (3) the absence of other means to obtain the information sought; (4) the need for the information to advance the claim; and (5) defendant's expectation of privacy. See, e.g., Malibu Media, LLC, 2012 WL 3089383, at *7 (citing Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010)).

Here, Malibu Media has set forth in its complaint a prima facie claim for copyright infringement. The subpoena at issue seeks only the name and address of the defendant to whom the IP address was assigned. We are satisfied that there are no other means for Malibu Media to obtain defendant's identity. If defendant cannot be identified and served, the action cannot proceed, and plaintiff would be left without a remedy for the alleged infringement. See Blakeslee v. Clinton Cty., 336 F. App'x 248, 250 (3d Cir. 2009). As for the final factor, an individual "who has allegedly used the internet to unlawfully download and disseminate copyrighted material does not have a significant expectation of privacy." Raw Films, Ltd. v. John Does 1-15, No. 11-7248, 2012 WL 1019067, at *8 (E.D. Pa. Mar. 26, 2012). All these factors weigh in favor of denying the motion to quash.

To the extent defendant raises concerns regarding embarrassment or the possibility of incorrect identification, Malibu Media does not object to the entry of a protective order to prevent the public disclosure of defendant's identity through

the close of discovery.  Rule 26 of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  We will issue such an order for the time being without prejudice to the right of the court on its own motion or the motion of Malibu Media to vacate or modify the order at a later time in the interest of justice.  Such an order will appropriately address defendant's concerns while permitting Malibu Media to obtain information that is undoubtedly relevant and discoverable.  <u>See</u> Fed. R. Civ. P. 26(b)(1).